■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RICKS, Appellant. — Appeal from judgment, Supreme Court, New York County (George Bundy Smith, J.), rendered on October 21, 1980, convicting defendant, after trial by jury, of burglary in the third degree and two counts of petit larceny and sentencing him, as a predicate felon, to concurrent terms of from 3½ to 7 years on the burglary conviction and one year for each of the petit larceny convictions is held in abeyance and the matter remanded for a hearing on the issue of the existence of probable cause for defendant's arrest. On his appeal, defendant assigns various errors as bases for reversal. Principal among them is claimed improper denial of a renewed motion for a *Mapp* hearing to determine whether the police had probable cause to effect his warrantless arrest and conduct a search in connection therewith. It appears that defendant's initial motion for such a hearing was denied, apparently based, at least in part, upon the fact that the District Attorney mistakenly advised the court in his response to defendant's motion that defendant had been identified by the complainant prior to the arrest and search. Moreover, counsel's affidavit in support of the hearing application was barren of any factual allegations as required by CPL 710.60 (subd 1) and contained only conclusory allegations of constitutional violations. Thus, summary denial of the hearing application was warranted (CPL 710.60, subd 3, par [b]). However, at the beginning of the trial, following receipt by defense counsel of the transcript of the 911 tape, it was learned that there, in fact, had not been a prearrest identification of the defendant by the complainant. Moreover, the description of the perpetrators contained in the tape transcript was apparently different from the appearance of the defendant and his two companions at the time of their arrest. Defendant renewed his application for a *Mapp* hearing citing this newly discovered information (CPL 710.40, subd 4), but his application was denied. Under the circumstances, it cannot be determined with any degree of certainty on this record that the police had probable cause to arrest defendant or that the property was taken from him during a search incident to a lawful arrest. Accordingly, we remand for a hearing on the issue of probable cause to make the arrest, and hold the appeal in abeyance pending the result thereof. Concur — Sandler, J. P., Carro, Asch, Fein and Alexander, JJ.