■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. BROWN, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: On this appeal from a judgment convicting defendant, following a nonjury trial, of eight counts of robbery in the first degree (Penal Law § 160.15 [2] [4]) and two counts of criminal use of a firearm in the first degree (Penal Law § 265.09), defendant argues that he was deprived of a fair trial because the court erred in denying his postverdict motion to vacate the verdict or reopen the *Wade* hearing and the prosecutor failed to disclose prior to trial the fact that an eyewitness failed to identify defendant from a photo array five days after the crime. We find that defendant waived his right to move to reopen the *Wade* hearing. The evidence of nonidentification was revealed before the close of the People's case, and defendant does

not deny receiving a letter from the prosecutor, dated June 24, 1982, the day the bench trial started, informing him of the nonidentification.

We have reviewed the remaining issues and find all but one to be without merit. The predicate crime alleged in the counts charging criminal use of a firearm in the first degree was "Robbery in the first degree, displayed what appeared to be a firearm." Since the predicate (Penal Law § 160.15 [4]) is already an armed felony offense (CPL 1.20 [41] [b]), it cannot also be the basis for the crime of criminal use of a weapon in the first degree (cf. People v Bones, 103 AD2d 1012).

Accordingly, the judgment is modified by reversing the convictions of criminal use of a weapon in the first degree, and by dismissing the counts in the indictment relating to that charge, and by vacating the sentences imposed thereon. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Pine, JJ.