■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROGER DYMOND, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 5, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Members of the Columbia County Sheriff's Department conducted a search of defendant's residence on March 17, 1983 pursuant to a search warrant issued that date by Town of Ghent Justice George Dixon. Cocaine, marihuana and drug paraphernalia were seized as a result of execution of the warrant. Subsequently, defendant and his brother were indicted and arraigned on the charge of criminal possession of a controlled substance in the third degree.

The application for the warrant alleged, *inter alia,* that on March 16, 1983 an informant, later identified as Mark Menegio, observed defendant and Richard Pratt using cocaine at defendant's residence and that thereafter defendant gave Menegio some cocaine to sell. Menegio contacted Investigator Robert Di Ruzzio of the Columbia County Sheriff's Department the next day and gave him the cocaine, which field-tested positive. Menegio made a sworn statement describing his observation of and participation in the criminal activities of March 16, 1983.

A suppression hearing was conducted in County Court and, on August 27, 1984, the court denied defendant's motion to suppress the evidence seized during the search of defendant's home. Selection of a jury for the joint trial of defendant and his brother began but, because of medical difficulties, a mistrial was declared. Nevertheless, hearings pursuant to defendant's motion to reopen the suppression hearing continued. Immediately following a hearing held on Sunday, September 16, 1984, the court denied the motion to reopen. Thereafter, defendant entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the fifth degree. As part of the plea bargain, the charges against defendant's brother were dismissed and the suppression issue was preserved for appeal. Defendant was then sentenced as a predicate felon to 3 to 6 years' imprisonment and this appeal ensued.

Defendant first contends that the search warrant issued by Justice Dixon was defective and thus the evidence seized under its authority should be suppressed. He specifically challenges the credibility and reliability of Menegio, the informant, the lack of independent police investigation, Di Ruzzio's

prior conduct on uncontrolled drug buys rendering him unworthy of belief, the lack of approval of the search warrant by the District Attorney, and Justice Dixon's status as a neutral and detached magistrate.

Two days of suppression hearings were held by County Court in July 1984. The court found that Menegio's identity was known to Justice Dixon and, thus, the instant case was distinguishable from an anonymous tip case. The court also held that Menegio's admission to possession of the cocaine given to Di Ruzzio was an admission against his penal interest, thus corroborating the truthfulness of Menegio's statement, and denied the motion to suppress.

County Court properly denied the motion to suppress. The search warrant application here was found to be accompanied by a sworn written statement of a person with firsthand knowledge of the occurrence from which probable cause could be determined (see, People v Bartolomeo, 53 NY2d 225, 234). Further, it is unnecessary for the testimony of an accomplice to be corroborated before a warrant is issued (supra, at 235). The burden is on the party attacking the warrant to show by a preponderance of the evidence that the facts represented in the affidavit are false (see, People v Ingram, 79 AD2d 1088). Here, defendant has not met that burden.

Defendant next contends that County Court erred by denying his CPL 710.40 (4) motion to reopen the suppression hearing. Defendant argues that the evidence he presented to County Court on this motion, undermining the credibility of Menegio and Di Ruzzio, elaborating on Menegio's relationship with Di Ruzzio and a statement from Justice Dixon that he did not see Menegio's statement when he signed the search warrant, effectively showed that it was error for County Court to refuse to reopen the suppression hearing.

CPL 710.40 (4) permits a court to reopen the suppression hearing if "additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the [original suppression] motion". The motion should be granted if suitable new facts come to light (see, People v Perez, 104 AD2d 454, 456; People v Ricks, 96 AD2d 788).

In the case at bar, County Court's original order denying suppression had found that the identity of the informant, Menegio, was known to Justice Dixon when he signed the warrant. On the application to reopen the suppression hearing, Justice Dixon testified that he did not know who the

informant was and did not see Menegio's statement, and he indicated in his sworn statement that he would not have credited Menegio's statements had he known who made them. County Court's statement when it denied the suppression motion that there was no active relationship between Menegio and Di Ruzzio on March 16, 1983 was also contradicted by the new proof. It now appears, if believed, that Menegio's action in giving the cocaine to Di Ruzzio was not against Menegio's penal interest as first found by County Court, but rather was an action in Menegio's own interest. Other questions are raised as to the reliability of Menegio and as to the content of the warrant application itself. Consequently, we must conclude that County Court abused its discretion in denying defendant's motion to reopen the suppression motion. The motion to reopen the suppression hearing should be granted and the case remitted to County Court for a new suppression hearing before a different Judge.

In view of our decision to remit, we find it unnecessary at this time to reach the issue of whether County Court violated Judiciary Law § 5 by holding proceedings on a Sunday.

Decision withheld, motion to reopen the suppression hearing granted and matter remitted to the County Court of Columbia County for a new suppression hearing before a different Judge. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.