■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER CORSO, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Namm, J.), dated July 19, 1985, which, *inter alia,* suppressed certain evidence, and dismissed the second count of the indictment.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress evidence is denied, the second count of the indictment charging the defendant with the crime of criminal possession of a controlled substance in the fourth degree is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings.

On June 16, 1979, Archimedes Cervera, an attorney, was murdered in his office. In November 1979 the Suffolk County Police Department received information from the FBI that one of their informants had been present when the defendant, Peter Corso, confessed to the murder. However, the FBI would not release the name of the informant or allow the police to speak directly with him. Without the identity of the informant the police did not have sufficient probable cause to arrest Corso. In October 1983 the informant came forward and after verifying his reliability with the FBI and through the use of a lie detector the police arrested Corso in April 1984 and charged him with murder. In a search incident to the arrest the police discovered cocaine on Corso's person which resulted in the second count of the indictment.

As a result of the defendant's omnibus motion, a hearing was held, which, *inter alia,* was to decide whether the police had probable cause to arrest Corso. At the hearing, police officers, an FBI agent and the informant testified, after which the court decided that there had been cause to make the arrest.

Shortly after the trial began a previously undisclosed police report surfaced which indicated that immediately after the murder the authorities were given the names of several suspects other than Corso. However, an in camera review of the police files revealed a complete absence of reports regarding any investigation of these suspects. In fact, there were no reports at all for the period from mid-June through late-December 1979.

It was also disclosed that an answering machine had been recovered from Cervera's office which contained a message from one of the suspects named in the report, recorded on or before the day of the murder. It was subsequently discovered that the answering machine and tape had been auctioned in May 1984 by the police property section, but both were eventually recovered from the person who purchased them. In order to determine if any additional police reports existed and if so, whether their suppression constituted a violation of the defendant's due process rights, the court, *sua sponte,* decided to hold what it called a *Brady* hearing *(see, Brady v Maryland,* 373 US 83). The hearing was begun during the trial but it soon became evident that not all of the witnesses the parties wished to call would be immediately available. Therefore, the court decided to let the trial go forward and, if necessary, complete the hearings after the trial ended, reserving its decision on mistrial motions made by the defense.

The defendant was ultimately acquitted of the murder charge but the court opted to complete the hearings because it felt that the evidence adduced might impact on its prior decision on the issue of probable cause, which the court felt bound to review before proceeding to trial on the drug charge. Additionally the court wanted to determine if the police had engaged in the spoilation of evidence by their sale of the answering machine. The evidence ultimately produced at these hearings indicated that the police had not kept reports during the period of June to December 1979 because their investigation was not uncovering anything positive. With regard to the answering machine, the testimony revealed that the police had originally decided to release the machine and its tape to the Cervera estate but in or about December 1979 decided to hold it as evidence. Subsequently, in August 1983 it was decided to again release the machine to the estate. When the estate failed to reclaim the property a decision was made to auction it.

When the hearings were completed, the court issued a decision in which it reversed its prior finding that the police had probable cause to arrest the defendant. The court reasoned that the testimony of the police, with regard to the alleged absence of reports on their investigation into the Cervera murder, indicated that they had failed to follow leads on other possible suspects and therefore the court could not, "as a matter of law, conclude that there existed sufficient probable cause to arrest Peter Corso on April 3, 1984". Furthermore, the court held that even if probable cause did exist, the "interests of justice would dictate a dismissal of the entire indictment" because of the failure of the police to keep proper records of their investigation and their failure to properly preserve and hold as evidence the tape secured from Cervera's answering machine.

Initially we note that it was within the discretion of the trial court to, *sua sponte,* reopen the suppression hearing based on the evidence adduced at trial which indicated that substantial rights of the defendant may have been affected by police misconduct *(see, People v Lathrop,* 127 AD2d 1003, *lv denied* 69 NY2d 1005), and to continue the hearing after a not guilty verdict had been rendered on the murder count *(see, People v Brown,* 112 AD2d 13, *affd* 67 NY2d 555, *cert denied* — US —, 107 S Ct 1307), since the issue of probable cause impacted directly on the second count of the indictment.

Although the trial court did not abuse its discretion by reopening the suppression hearing, it did err, in our view, in

dismissing the second count of the indictment. We find that the failure of the police to properly document their investigation into the Cervera murder did not negate the evidence of probable cause adduced at the pretrial hearing. Even if the police failed to investigate other possible and more likely suspects than the defendant, the record indicates that there was more than sufficient evidence to arrest him for the murder (see, People v Williams, 79 AD2d 929, 930, lv dismissed 53 NY2d 866; People v Sanders, 79 AD2d 688, 690). The extensive testimony of the informant himself, as well as the FBI agent, adequately supports a finding that probable cause existed even if the testimony of the police was entirely discounted.

Furthermore, it was incorrect to dismiss the second count of the indictment in the interests of justice since the evidence which was possibly despoiled by the police was not material to the guilt of the defendant on the drug charge (see, Brady v Maryland, 373 US 83, 87 supra; People v Smith, 127 AD2d 864; People v Springer, 122 AD2d 87, 90, lv denied 69 NY2d 717). In fact, the record reveals that the defendant himself conceded that the failure of the police to properly preserve the tape did not have any bearing on the second count of the indictment. Therefore the order appealed from must be reversed, that branch of the defendant's motion which was to suppress evidence must be denied, and the second count of the indictment must be reinstated. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur. [See, 129 Misc 2d 590.]