█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SHULER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 16, 1986, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to effective assistance of counsel is without merit. The failure of counsel to make a pretrial motion does not, in and of itself, constitute a basis for a finding of ineffectiveness *(People v Forsyth,* 112 AD2d 1008; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Here the evidence, the law, and the circumstances of this case, viewed together and as of the time of representation, reveal that meaningful representation was provided *(see, People v Satterfield,* 66 NY2d 796).

Also without merit is the defendant's contention that his guilt was not proven beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Bracken, Brown and Harwood, JJ., concur.