■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT CREECH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 23, 1987, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he received ineffective assistance of counsel. Defense counsel's withdrawal of the pretrial motion to suppress identification testimony by the complainant and his failure to raise a *Dunaway* issue do not, in and of themselves, render his performance ineffective *(see, People v Belgrave,* 143 AD2d 103), and when viewed in its totality, defense counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137). In any event, neither the defendant's *Dunaway* claim nor *Wade* claim was meritorious. It was proper for the police to show the complainant a photograph of the defendant from an arrest in which he was subsequently adjudicated a youthful offender *(see, People v Gallina,* 110 AD2d 847; *see also, People v Patterson,* 78 NY2d 711). Since the defendant was known to the complainant, the showup at the police precinct was merely confirmatory, rendering its suggestiveness irrelevant *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Harley,* 174 AD2d 576).

The defendant failed to preserve for appellate review his claim that it was error for the court to instruct the jury, absent his request for such an instruction, that they should not draw an adverse inference from the defendant's failure to testify *(see, People v Autry,* 75 NY2d 836). In any event, any

error with respect thereto was harmless in light of the overwhelming evidence of guilt *(see, People v Bradshaw,* 154 AD2d 690). Further, the court's instruction did not imply that the decision not to testify was merely a tactical maneuver as opposed to the exercise of a constitutional right *(see, People v Bradshaw, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.