■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SCARPINITO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered April 19, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's assertion, the court did not err in denying his motion for dismissal of the indictment pursuant to CPL 30.30. After subtracting those periods of delay attributable to pretrial motions *(see,* CPL 30.30 [4] [a]) and delays occasioned by continuances either requested by or consented to by the defense *(see,* CPL 30.30 [4] [b]; *see also, People v Meierdiercks,* 68 NY2d 613), the total time chargeable to the People was well within the permitted six-month time limit *(see, People v Baker,* 131 AD2d 491, 492). In so holding, we note that the court did not err in denying the motion without a hearing. No hearing was required in this case because the proof submitted by the People in opposition to the motion established sufficient excludable time to bring the

People within the allowable time for trial readiness *(see, People v Gruden,* 42 NY2d 214, 215-216; *compare, People v Smith,* 81 AD2d 965; *cf., People v Berkowitz,* 50 NY2d 333, 349; *People v Jenkins,* 104 AD2d 563).

Further, the defendant failed to make a sufficient showing of "some compelling factor, consideration, or circumstance clearly demonstrating that conviction or prosecution * * * would constitute or result in injustice" (CPL 210.40 [1]; *see, People v Thomas,* 108 AD2d 884, 885).

We find that the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.