■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LYONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 15, 1989, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of trial counsel by his attorney's failure, *inter alia,* to move to dismiss the indictment on the ground of insufficiency and to seek *Mapp* and *Wade* hearings *(see, Mapp v Ohio,* 367 US 643; *United States v Wade,* 388 US 218). We disagree.

"The failure of counsel to make a pretrial motion does not, in and of itself, constitute a basis for a finding of ineffectiveness" *(People v Shuler,* 149 AD2d 634; *see, People v Rivera,* 71 NY2d 705). A motion to dismiss the indictment on the ground presently advanced by the defendant would have been futile. The defendant claims that his sale of cocaine to an undercover officer did not support his indictment for criminal sale of a controlled substance in the third degree *(see,* Penal Law § 220.39 [1]) because cocaine is not a "narcotic drug" *(see,* Penal Law § 220.00 [7]). However, this contention is clearly refuted by the inclusion of cocaine in the statute which identifies narcotic drugs *(see,* Public Health Law § 3306, schedule II [b] [4]).

Additionally, there was no factual basis upon which to request a *Mapp* hearing in this case, inasmuch as no physical evidence was seized from the defendant. Likewise, the facts of the case provided no legal basis for seeking a *Wade* hearing *(see, People v Wharton,* 74 NY2d 921), and the defendant's remaining claims of ineffectiveness are equally meritless. Accordingly, we discern no impropriety in trial counsel's strategic decision to forego the making of these futile motions in favor of skillfully negotiating a highly favorable plea bargain in accordance with the defendant's wishes *(see generally, People v Angelakos,* 70 NY2d 670; *People v Satterfield,* 66 NY2d 796). We are satisfied that the defendant received "meaningful representation" from his trial counsel *(People v Baldi,* 54 NY2d 137, 147; *see, People v Jackson,* 70 NY2d 768). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.