■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE M. TRENT, Appellant. [597 NYS2d 451] —Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 12, 1988, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated June 17, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel based on his trial counsel's failure to challenge the legality of his arrest. Initially, it is well settled that the failure to make a particular pretrial motion generally does not, standing alone, constitute ineffective assistance of counsel *(see, People v Rivera,* 71 NY2d 705; *People v Lyons,* 186 AD2d 273; *People v Creech,* 183 AD2d 777; *People v Shuler,* 149 AD2d 634). In any event, a motion challenging the propriety of the defendant's arrest would have proven futile under the circumstances of this case. Indeed, the defendant concedes that the police had reasonable suspicion to stop and frisk him, and his claim that the stop was tantamount to an arrest is belied by the credible evidence in the record. Furthermore, the defendant's subsequent arrest upon

being transported to the nearby crime scene was supported by ample probable cause. Since the defendant's trial attorney was a zealous and competent advocate who rendered meaningful representation to the defendant, the ineffective assistance of counsel claim is unavailing *(see, People v Baldi,* 54 NY2d 137; *People v Creech, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.