■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DIAZ, Appellant. [619 NYS2d 343] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 22, 1991, convicting him of kidnapping in the second degree (two counts), robbery in the first degree, robbery in the second degree, burglary in the first degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

· Impersonating police officers and using police paraphernalia, the defendant and two accomplices kidnapped two victims at gunpoint, robbing one of them of property from both his person and his apartment. The defendant was arrested a few weeks after the crime when one of the victims immediately contacted the police after seeing the defendant and one of the accomplices in a car on the street. The defendant claims that his arrest was improper because the police lacked probable cause and that the subsequent warrantless search of his car and the seizure of the police paraphernalia was unlawful.

The police arrested the defendant lawfully *(see, People v Crowder,* 198 AD2d 369) and, under the circumstances, had a reasonable basis to search the car in which he was arrested *(see, People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Belton,* 55 NY2d 49; *People v Blasich,* 73 NY2d 673, 681).

The defendant contends that the court erred in imposing consecutive sentences. We disagree. The imposition of consecutive sentences was proper since the kidnappings of the two

complainants were two separate acts arising from the same set of circumstances *(see, People v Brathwaite,* 63 NY2d 839; *People v Mondello,* 191 AD2d 462, 464).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.