OPINION OF THE COURT
Ariel E. Belen, J.
*748 Petitioner has moved pursuant to CPLR 7803 (1), (3) and (4) for an order of this court directing Judge Lee Cross, a Judge of the Criminal Court of the City of New York, to modify her decision and order in an action entitled People v Rogers. In that criminal court action, originally assigned to Judge Leon Ruchelsman, petitioner was charged with six misdemeanor counts of failing to provide proper sustenance for animals pursuant to Agriculture and Markets Law § 353 and six counts of abandonment of animals, pursuant to Agriculture and Markets Law § 355.
The petitioner had been the owner of a pet shop called Mr. Rogers’ Pet Neighborhood at Avenue U and 28th Street in Brooklyn. The store was closed on April 14, 1996. Ten days after the closing, several agents from the American Society of Prevention of Cruelty to Animals (hereinafter ASPCA) came to investigate a complaint that there were animals inside the closed store. The ASPCA agents saw two dead hamsters and a dead lizard through the display window and heard a dog barking "unhappily” within the store. Unable to get permission to enter from petitioner, the agents gained access to the store from the wife of the building’s owner. The ASPCA personnel then removed several dead and dying animals.
Sometime thereafter, petitioner went to the local police precinct expecting to get a desk appearance ticket. Petitioner then made incriminating statements at the precinct at a time when he was allegedly unaware that he was being charged with misdemeanors. After answering numerous questions, he was arrested.
Petitioner moved before Judge Ruchelsman to suppress physical evidence obtained during the ASPCA agents’ warrantless entry and search of his premises and the statements made before his arrest. After a hearing on these motions, Judge Ruchelsman in a decision dated December 20, 1996, denied the motion to suppress the physical evidence, but granted the motion to suppress petitioner’s statements. The People then moved to reargue that portion of the decision suppressing petitioner’s statements and petitioner cross-moved to reargue that portion of the decision denying suppression of the physical evidence.
By the time the motion to reargue was scheduled to be heard, Judge Ruchelsman was no longer sitting in Criminal Court, having been appointed to the Court of Claims and designated an Acting Supreme Court Justice. The motion to reargue was then sent to Judge Lee Cross, who, after hearing oral argu *749 merit and reviewing the transcript of the hearing before Judge Ruchelsman and his decision, issued a decision and order dated May 1, 1997. It is that order of Judge Lee Cross that is the subject of the present motion.
In Judge Cross’ decision she explains at length that in her view the ASPCA agents’ warrantless entry into the store was not justified by the emergency exception cited by Judge Ruchelsman in his initial decision denying the motion to suppress the evidence. Nevertheless, although she disagreed with Judge Ruchelsman that an emergency existed justifying the warrant-less entry into the pet shop, Judge Cross did not exercise her power to modify his decision upon reargument. She apparently believed it would be error on her part to rehear the motion to suppress "in any but the exceptional case, such as fraud, collusion or the like.” Judge Cross went on to state in her decision that: "While I disagree with Judge Ruchelsman’s ruling in this case, his decision is well reasoned and was obviously made after much thought. This is an honest difference of opinion among judges on a legal matter. Indeed, it is not uncommon for the appellate courts to issue less than unanimous rulings in search and seizure cases, indicating that disagreements among intelligent people on subjects as complex as search and seizure are far from uncommon. The appropriate remedy for the resolution of the issue in the instant case is a trial and if a conviction results, an appeal. For this reason, I decline to entertain the motions for reconsideration.”
Petitioner here argues that despite Judge Cross’ ruling that she declined to entertain the motions for reconsideration of Judge Ruchelsman’s decision, she in fact did reconsider his decision in the body of her opinion. Judge Cross’ opinion makes it clear that if she believed she had unfettered discretion, she would have granted petitioner’s original motion to suppress the physical evidence. Petitioner thus makes an interesting argument. Essentially, he posits that he was denied due process of law in that Judge Cross impermissibly created a new class of litigant, one who cannot obtain reconsideration of an erroneous decision in the absence of the original Judge unless there has been outright fraud or collusion. As such, petitioner argues that the only remedy at law available to him is a CPLR article 78 proceeding, mandating that Judge Cross grant the motion to reargue and render a decision consonant with her own interpretation of the law of search and seizure.
Judge Cross did have the power to make a decision on the motion differing from that of Judge Ruchelsman. She also had *750 the power to decline to render such a decision, letting the decision of Judge Ruchelsman stand. It would be the height of arrogance for this court to presume that Judge Cross did not render the decision that she intended in this matter. Judge Cross clearly stated that while she herself would not have reached the same conclusion had she heard the case initially, she understood the decision reached by Judge Ruchelsman and declined to alter his decision.
The remedy of mandamus is an extraordinary remedy. Its purpose is "to compel the performance of a purely ministerial act where there is a clear right to the relief sought.” (Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16 [1981].) Mandamus "will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion.” (Matter of Gimprich v Board of Educ., 306 NY 401, 406 [1954].) The questions in the present case, whether to grant reargument and beyond that how to decide the substantive issues raised in the motion are indisputably both discretionary to the Judge and inappropriate for mandamus.
The two cases cited by petitioner in support of his contention that a decision by a court based on a mistaken belief that it lacks jurisdiction does not fall within the legitimate exercise of judicial discretion, are both cases where the Appellate Division remanded the case for further proceedings, not as here article 78 proceedings. (See, e.g., Matter of Pierson, 126 AD2d 729.) In the other case cited by petitioner, People v Figliolo (207 AD2d 679 [1st Dept 1994]), the Appellate Division characterizes the Trial Judge’s failure to grant defendant’s motion for a second suppression hearing as "an improvident exercise of discretion” (207 AD2d 679, 681).
A jurist can render a decision that shows his or her sympathies for the point of view of one litigant while determining for whatever reason that such litigant cannot prevail. By no stretch of law or reason can such a determination be viewed as a purely ministerial act on the part of the jurist. The case Matter of Brusco v Braun (199 AD2d 27 [1st Dept 1993]), cited by petitioner, does not provide authority for such a view. There the issue was whether a statute directing entry of judgment upon a default pursuant to RPAPL 732 (3) can be enforced by way of a writ of mandamus directing a Judge to sign a judgment. In that case, it was not a question of a Judge rendering a decision, but rather whether under certain specific circumstances a Judge can be directed to perform the purely ministerial act of signing a judgment.
*751 There is simply no authority for the novel position urged by petitioners. Judge Cross’ decision not to reconsider Judge Ruchelsman’s decision was both an exercise of her discretion and a decision by her. This is not a case of a Judge refusing to do a ministerial task such as signing an order. This is a case of a Judge declining jurisdiction over a matter based on an exercise of her discretion and her understanding of the law. This decision not to decide was indeed a discretionary decision that is not reviewable under article 78. The petitioner’s remedies are either to proceed to trial, appeal the order denying his motion or appeal the order denying reargument. This issue is not appropriate for article 78 review.
Ordered that petitioner’s motion is denied and respondent’s cross motion for judgment dismissing the petition is granted, and it is further ordered that the stay entered in the case of People v Rogers (docket No. 96K040246) is vacated.