■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALKER, Appellant. [723 NYS2d 398] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 17, 1999, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a pretrial hearing, the arresting officer testified that an eyewitness to the automobile accident preceding the assault positively identified the car involved in the accident, the assailants, and their clothing. Any discrepancies between that testimony and the trial testimony of the eyewitness regarding the identification did not deprive the defendant of any substantial right (*see, People v March,* 271 AD2d 700; *People v Mack,* 224 AD2d 447, 448; *cf., People v Figliolo,* 207 AD2d 679, 681; *People v Corso,* 135 AD2d 551, 553), nor did they demonstrate that defense counsel's failure to move to reopen the suppression hearing rose to the level of ineffective assistance of counsel (*see,* CPL 710.40 [4]; *People v Rivera,* 71 NY2d 705, 708-709; *People v Baldi,* 54 NY2d 137; *People v Trent,* 193 AD2d 637, 638). The totality of the circumstances at the time of the representation demonstrates that the defendant was afforded meaningful representation (*see, People v Rivera, supra*; *People v Baldi, supra*; *People v Trent, supra*; *People v Creech,* 183 AD2d 777; *People v Shuler,* 149 AD2d 634). O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.