■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [744 NYS2d 320] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered February 17, 1999, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The evidence supports the hearing court's determination that the defendant's statements were voluntarily made and not the product of improper influence or coercion (*see, Arizona v Fulminante*, 499 US 279; *People v Anderson*, 42 NY2d 35, 38). Defendant's confession was not the product of any distress caused by a medical condition, as evinced by defendant's lengthy delay in mentioning his medical condition to the police. The deceptive statements made to defendant by the police did not create any risk of false self-incrimination and were not fundamentally unfair (*see, People v Tarsia*, 50 NY2d 1, 11). In any event, independent of the statement, there was overwhelming evidence establishing all the elements of third-degree possession of a weapon, including knowledge (*see, People v Reisman*, 29 NY2d 278, 285). We note that defendant argues on appeal that the verdict acquitting him of the murder charges indicates that the jury disregarded his confession, and defendant's argument that he was nonetheless prejudiced is without merit. Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.