■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [773 NYS2d 585]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 14, 2000, convicting him of kidnapping in the second degree (two counts), attempted robbery in the first degree (four counts), attempted robbery in the second degree (two counts), criminal use of a firearm in the first degree (four counts), criminal possession of a weapon in the second degree, unlawful imprisonment in the first degree (two counts), and unlawfully wearing a body vest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied his motion to dismiss the indictment pursuant to CPL 30.30. After deducting those periods of delay occasioned by adjournments either requested or consented to by the defense (*see* CPL 30.30 [4] [b]; *People v Scarpinito,* 186 AD2d 160 [1992]), the total time chargeable to the People was well within the permitted six-month time limit (*see People v Carpenito,* 199 AD2d 522 [1993]; *People v Scarpinito, supra*). Furthermore, no hearing was necessary as the proof submitted by the People in opposition to the motion set forth sufficient excludable time to bring them within the permitted time for trial readiness (*see People v Gruden,* 42 NY2d 214 [1977]; *People v Scarpinito, supra*).

The evidence at the suppression hearing supported the

County Court's determination that the defendant's statements were made after he knowingly and voluntarily waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Hendricks,* 90 NY2d 956, 957 [1997]; *People v Rogers,* 245 AD2d 395, 396 [1997]). Further, the defendant's confession was not the product of any impairment caused by medication or a medical condition, as evinced by his failure to mention any symptoms or conditions to the police (*see People v Soto,* 295 AD2d 230 [2002]).

The imposition of consecutive sentences on the kidnapping convictions was proper since the kidnapping of the two victims were two separate acts arising from the same set of circumstances (*see People v Diaz,* 210 AD2d 248 [1994]). Further, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.