THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BAUGH, Appellant. [937 NYS2d 599]—

The defendant was not deprived of his right to the effective

assistance of counsel. Where, as here, an ineffective assistance claim is based upon a particular error in counsel's performance, the defendant must demonstrate "the absence of strategic or other legitimate explanations" for counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Koki*, 74 AD3d 987, 988 [2010]; *People v Sprosta*, 49 AD3d 784, 785 [2008]). Here, the defendant failed to demonstrate that there was no strategic or legitimate explanation for defense counsel's failure to move to reopen the suppression hearing based on certain testimony adduced at trial (*see People v Sweeney*, 84 AD3d 1123, 1124 [2011]; *People v Elamin*, 82 AD3d 1664, 1665 [2011]; *People v Jones*, 41 AD3d 736 [2007]; *People v Matthews*, 1 AD3d 530 [2003]; *People v Walker*, 282 AD2d 628 [2001]). Moreover, considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Walker*, 282 AD2d 628 [2001]).

Contrary to the defendant's contention, the Supreme Court properly denied both of his motions to dismiss the indictment pursuant to CPL 30.30 without conducting a hearing. No hearing was necessary to resolve the defendant's first motion because the proof submitted by the People in opposition demonstrated that the total time chargeable to them was well within the six-month time period permitted for trial readiness (*see* CPL 30.30 [1] [a]; *People v Brown*, 5 AD3d 789 [2004]; *People v Suarez*, 259 AD2d 640 [1999]; *People v Scarpinito*, 186 AD2d 160, 161 [1992]). Further, it was unnecessary to hold a hearing to resolve the defendant's subsequent pro se motion because even assuming that all additional periods of delay alleged in that motion were determined to be chargeable to the People, the total time chargeable to the People would still be within the six-month time limit. Mastro, A.P.J., Florio, Eng and Sgroi, JJ., concur.