People v Dunbar (2019 NY Slip Op 09018)





People v Dunbar


2019 NY Slip Op 09018


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-11019
 (Ind. No. 1217/09)

[*1]The People of the State of New York, respondent,
v
Jermaine Dunbar, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson and Leila Hull of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Kathryn E. Mullen, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered September 22, 2016, convicting him of attempted robbery in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robert C. McGann, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, for a suppression hearing on issues raised as a result of newly discovered evidence and a report thereafter on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.
On April 23, 2009, at 12:40 p.m., the complainant was working as the only cashier at a small store that provided money-transfer and other services. A customer entered the store, made some photocopies, and then exited the store. About five minutes later, the customer returned to the store, displayed what appeared to be a gun, and demanded money. The complainant got down on the floor behind the counter and called 911, after which, the perpetrator left. The complainant was still lying on the floor when the perpetrator left, and did not see whether the perpetrator fled on foot or in a car. She described the perpetrator as a thin, black man who wore a blue and white striped shirt and a hat.
The defendant was indicted, inter alia, on charges of attempted robbery in the second degree and criminal mischief in the fourth degree. Thereafter, in an omnibus motion, the defendant moved, inter alia, to suppress physical evidence and identification evidence recovered as a result of a vehicle stop on the ground that the stop was not supported by reasonable suspicion (see People v De Bour, 40 NY2d 210). At the suppression hearing, Police Officer Francis Diliberto testified that he received a radio call reporting a gunpoint robbery in progress involving a black male wearing a [*2]blue and white striped shirt, carrying a black handgun, and traveling in a black livery car with New Jersey license plates. Police Officer Peter Linke testified that he also heard the radio call reporting that the incident involved a livery car with New Jersey license plates. Linke believed that the complainant had given the livery car description in her 911 call. At that point in the suppression hearing, defense counsel sought a sidebar colloquy, wherein she alerted the Supreme Court and the prosecutor that the complainant had not mentioned how the perpetrator fled on the recording of the 911 call. The prosecutor did not dispute this assertion. Upon further cross-examination of Linke, he admitted that he did not know the source of the livery car description.
Diliberto further testified that within six blocks of the robbery site and approximately three minutes after receiving the radio call, he saw a black livery car bearing New Jersey license plates driving toward him and his partners. Diliberto and his partners activated the lights on their police vehicle and stopped the livery car. There were two people in the livery car, a driver and the defendant in the back seat. The defendant was not wearing a blue and white striped shirt, and thus, did not match the description in the radio call. After the driver and the defendant were removed from the livery car, Diliberto recovered a blue and white shirt, a black Yankees hat, and a black handgun from the back of the livery car. The Supreme Court determined that there was reasonable suspicion to justify the livery car stop based upon the radio call and Diliberto's observations, "within three minutes and within six blocks," of "two black men in a livery car bearing New Jersey license plates." The court further determined that the items recovered from the livery cab were properly seized while in plain view.
After a first trial, the defendant was convicted of attempted robbery in the second degree and criminal mischief in the fourth degree. This Court reversed the judgment and ordered a new trial based on the erroneous admission of certain statements made by the defendant during his arrest (see People v Dunbar, 104 AD3d 198). The Court of Appeals affirmed (see People v Dunbar, 24 NY3d 304).
Prior to the second trial, the prosecutor revealed, for the first time, that a sergeant who presumably transmitted the information in the radio call recalled "either [that the complainant] informed him . . . of the vehicle, or [that] there was a bystander who assisted with the translation, and/or the bystander, also, interjected and said . . . that the individual[ ] fled in a black vehicle." The defendant moved to reopen the suppression hearing based on this newly revealed information pursuant to CPL 710.40(4). In an extensive colloquy with the Supreme Court and the prosecutor, defense counsel contended that an anonymous source for the vehicle description would create an "Aguilar-Spinelli issue as to whether this individual was reliable and what the basis of his [or her] knowledge was" (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108). The court denied the motion. Following the second trial, the defendant was convicted of attempted robbery in the second degree and criminal mischief in the fourth degree.
We agree with the defendant that the Supreme Court should have granted his motion to reopen the suppression hearing on those branches of his omnibus motion which were to suppress physical evidence recovered as a result of the stop of the livery car and the identification evidence that followed the stop pursuant to CPL 710.40(4). CPL 710.40(4) permits a court to reopen a suppression hearing if additional pertinent facts have been discovered which the defendant could not have discovered with reasonable diligence before the determination of the original suppression motion (see People v Kuberka, 215 AD2d 592; People v Dymond, 130 AD2d 799; People v Perez, 104 AD2d 454). The additional facts discovered need not necessarily be "outcome-determinative or essential'"; instead, they must be "pertinent" in that they "would materially affect or have affected" the earlier suppression ruling (People v Clark, 88 NY2d 552, 555). Here, the revelation that the livery car description may have come from an anonymous bystander who interjected while translating between the complainant and the sergeant at the scene was previously unknown, and because the sergeant did not previously testify in the case, could not have been discovered with due diligence by the defendant. The information that the livery car description came from an unidentified and anonymous bystander would have affected the earlier suppression determination by placing squarely before the court questions regarding the identity and reliability of the person who described [*3]the livery car (compare Florida v J.L., 529 US 266, and People v Bailey, 164 AD3d 815, with People v Argyris, 24 NY3d 1138) and, thus, whether the People could sufficiently demonstrate the lawfulness of the vehicle stop.
Accordingly, we remit the matter to the Supreme Court, Queens County, for a suppression hearing on the issues raised as a result of the newly discovered evidence and to report on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence, and the appeal is held in abeyance in the interim.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court