People v Pike (2024 NY Slip Op 03442)

People v Pike

2024 NY Slip Op 03442

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-03013
 (Ind. No. 72270/22)

[*1]The People of the State of New York, appellant,
v
Marques Pike, respondent.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for appellant.
Vinson & Elkins LLP, New York, NY (James G. McGovern and Samuel Rackear of counsel), for respondent.

DECISION & ORDER
Appeal by the People from so much of an order of the Supreme Court, Kings County (Evelyn J. LaPorte, J.), dated February 24, 2023, as granted that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.
On May 5, 2022, the defendant was arraigned on a felony complaint. Thereafter, the defendant was charged under an indictment. The defendant subsequently moved, inter alia, pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The People opposed, contending, among other things, that a 61-day period from September 16, 2022, to November 16, 2022, was excludable pursuant to CPL 30.30(4)(b). By order dated February 24, 2023, the Supreme Court, inter alia, granted that branch of the defendant's motion. The People appeal.
"Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action" (People v Taback, 216 AD3d 673, 674; see CPL 30.30[1][a]; People v Connell, 185 AD3d 1048, 1049). The six-month period referable to this case, measured from May 5, 2022, to November 5, 2022, consisted of 184 days. The Supreme Court determined that 215 days were chargeable to the People.
Contrary to the defendant's contention, the 61-day period from September 16, 2022, to November 16, 2022, was not chargeable to the People, since the transcript of the pertinent proceedings established that defense counsel requested the adjournment at issue (see CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555; People v Hollweg, 223 AD3d 684). Furthermore, no hearing is necessary to resolve that branch of the motion because the proof submitted by the [*2]People in opposition demonstrated that the total time chargeable to them was well within the six-month time period for trial readiness (see People v Hollweg, 223 AD3d at 684; People v Baugh, 91 AD3d 965, 966). Since the total time chargeable to the People was less than six months, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
In light of our determination, we need not reach the People's remaining contentions.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court