■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON APONTE, Appellant. [636 NYS2d 13] —Judgment, Supreme Court, New York County (Richard Lowe, III, J., at suppression hearing; Leslie Crocker Snyder, J., at jury trial), rendered August 11, 1993, convicting defendant of robbery in the first degree and burglary in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

The report of pursuing citizens and police officers that defendant had committed a crime provided probable cause for his arrest as he ran from the scene (*People v Bigelow*, 66 NY2d 417, 423).

The showup procedure herein was acceptable as proximate in time and space to the crime and the fact that defendant was

handcuffed and in the presence of police officers did not render the procedure unduly suggestive (*People v Duuvon*, 77 NY2d 541). There is no indication in the record that the complainant saw his property in the possession of the police prior to the showup identification.

Defendant did not preserve his current claim that his defense was prejudiced by the trial court's charge to the jury on identification (CPL 470.05). In any event, within the context of instructing that the prosecution bore the sole burden of proof and that the jurors were the sole arbiters of the facts, the trial court appropriately marshaled the identification evidence to the extent necessary to explain the relevant legal principles (*People v Saunders*, 64 NY2d 665).

Defendant also did not preserve his current claim of error by the trial court in its jury charge regarding recent and exclusive possession of stolen property (CPL 470.05). In any event, the charge made it sufficiently clear that defendant's possession of the property was a question of fact for the jury. Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.