■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOYD, Appellant. [709 NYS2d 269] —Judgment unanimously affirmed. Memorandum: Defendants were charged with burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25) as a result of the burglary of a residence in Buffalo on July 6, 1997. Defendant Wallace Peace was also charged with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) when a strip search performed the day after his arrest revealed a quantity of crack cocaine. Defendants were tried jointly and convicted as charged.

Supreme Court did not err in denying the motions of defendants to sever the drug charge. In our view, the possession of a controlled substance by Peace was so closely related in time, place and date to the other charges to have been part of the same criminal transaction and thus was properly joined (*see,* CPL 200.20 [2] [a]; 200.40 [1] [c]; *People v Griffin,* 137 AD2d 558, *lv denied* 70 NY2d 1006; *People v Biltsted,* 151 Misc 2d 620, 625-628; *cf., People v Communiello,* 180 AD2d 809, 810; *People v Gadsden,* 139 AD2d 925, 925-926).

We reject the contention of defendants that the police lacked reasonable suspicion to justify their stop of the vehicle in which defendants were riding and their detention of defendants for identification (*see, People v May,* 81 NY2d 725, 727). The nephew of the woman whose residence was burglarized testified at the suppression hearing that, upon leaving his aunt's house, he observed four black males standing in front of it. He returned about 15 minutes later and observed those same men

removing items from the house. When he confronted them, they drove away in a white Grand Am, which had been backed up to the fence with its trunk open. The nephew told the police that he believed the Grand Am belonged to his aunt's neighbor. When the police questioned the neighbor, he stated that he had loaned the vehicle to his nephew, Peace, and that defendant Robert Boyd was with Peace. The police were acquainted with both men. Within an hour and a half after the burglary was reported, the police observed the vehicle in the vicinity of the crime scene and recognized Peace and Boyd in the vehicle. Upon determining that the vehicle was registered to Peace's uncle, the police stopped the vehicle, notified the occupants that they were suspects in a burglary and transported them to a school yard in the vicinity of the crime scene for a showup identification by the victim's nephew.

The fact that defendants were handcuffed for transport did not elevate the detention to an arrest (see, People v Allen, 73 NY2d 378, 379-380; People v Acosta, 249 AD2d 161, 162, lv denied 92 NY2d 892). The showup, held within 30 minutes of the detention of defendants and no more than two hours after the burglary was reported, was not improper (see, People v Woods, 238 AD2d 900, lv denied 90 NY2d 912). The nephew's observation of defendants being removed from a police car and the fact that defendants may have been handcuffed do not render the showup unduly suggestive as a matter of law (see, People v Aponte, 222 AD2d 304, 304-305, lv denied 88 NY2d 980). We decline to exercise our power to modify the sentences as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.