OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 By two separate indictments, a Grand Jury charged defendant with two counts each of criminal possession of a weapon in the third degree and robbery in the first degree. At the time, defendant was represented by The Legal Aid Society.
 

 On April 14, 1998, defendant, represented by new counsel, appeared in Supreme Court to discuss the status of his case. Counsel informed the court that he had just been retained and that defendant had advised him of an alleged prior plea offer of 6 to 12 years. Other than defendant’s averments, the record is silent as to this alleged offer. The court noted that defendant, as a second violent felony offender, was not eligible for an indeterminate sentence. Instead, the court offered defendant a 10-year determinate sentence — the minimum permissible sentence for robbery in the first degree under the circumstances (Penal Law § 160.15 [4]; §
 
 70.04 [2],
 
 [3] [a]). Maintaining that the People had offered a lesser sentence, counsel indicated that his client was “hoping” to negotiate a more favorable bargain.
 

 
 *923
 
 After several adjournments and transfer to a Trial Part, defendant appeared before a different Justice who would assent only to a 13-year determinate sentence on each of the robbery counts. Defendant then pleaded guilty to robbery in the first degree (two counts) (Penal Law § 160.15 [4]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), in exchange for concurrent, determinate sentences of 13 years on each of the robbery counts and seven years on the weapon possession count. At the plea proceedings, defense counsel noted his dissatisfaction with the plea negotiations, stating that defendant would have accepted the initial 10-year offer, but for the People’s alleged representation of a proposed plea bargain with a lesser, indeterminate sentence. Notwithstanding his attorney’s dissatisfaction, defendant assured the court that he discussed the proposed pleas with his attorney, that he understood the discussions and that he wished to plead guilty. As part of his guilty plea, defendant waived his right to appeal, both orally and in writing.
 

 On appeal from his conviction, defendant asserted that counsel rejected the 10-year sentence offer without consulting him and based upon a mistaken belief that defendant could receive an indeterminate sentence. The Appellate Division affirmed and held that defendant waived review of his ineffective assistance of counsel claim as part of his plea agreement.
 

 Assuming, without deciding, that defendant’s ineffective assistance of counsel claim survives his waiver of his right to appeal
 
 (see, People v Petgen,
 
 55 NY2d 529, 534-535,
 
 rearg denied
 
 57 NY2d 674), we conclude that such a claim is untenable on the record before us. Nothing in the record supports defendant’s contention that he was unaware of the 10-year sentence offer or that counsel rejected the offer without consulting him. Nor does the record conclusively establish that counsel turned down the offer based upon a misunderstanding of the sentencing laws. Without the benefit of additional facts that might have been developed after an appropriate postconviction motion, we cannot conclude that counsel’s actions lacked any strategic or other legitimate explanation
 
 (see, People v Rivera,
 
 71 NY2d 705, 708;
 
 People v Love,
 
 57 NY2d 998, 1000;
 
 People v Brown,
 
 45 NY2d 852, 853-854).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.