■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE McDANIELS, Appellant. [796 NYS2d 484]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered October 28, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [4]) and attempted assault in the first degree (§§ 110.00, 120.10 [1]). Defendant contends that Supreme Court erred in charging the jury with respect to attempted assault in the first degree by allegedly instructing the jury that the People had to prove that the victim actually sustained a serious injury. He thus contends that the evidence is legally insufficient to support the conviction of attempted assault because the People did not in fact establish that the victim sustained a serious injury.

We reject at the outset defendant's contention that the court erred in its charge. Generally, in determining whether a jury charge was proper, the test is "whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied" (*People v Ladd*, 89 NY2d 893, 895 [1996] [internal quotation marks omitted]). Parts of jury charges cannot be read "alone and in a vacuum" (*People v Fields*, 87 NY2d 821, 823 [1995]; *see also People v Remelt*, 269 AD2d 815, 816 [2000], *lv denied* 95 NY2d 870 [2000]). Here, we conclude that the charge, when read as a whole, "adequately conveyed to the jury the appropriate standard[ ]" (*People v Adams*, 69 NY2d 805, 806 [1987]; *see also People v East*, 284 AD2d 962, 963 [2001], *lv denied* 97 NY2d 641 [2001]), particularly inasmuch as the court stated therein that, in order to be convicted of an at-

tempt to commit a crime, the intended crime need not be completed.

The further contention of defendant that the evidence is legally insufficient to support the conviction of attempted assault is not preserved for our review because defendant failed to renew his challenge to the sufficiency of the evidence after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Cobado*, 16 AD3d 1114 [2005]). In any event, that contention lacks merit. Although defendant did not fire the shots at issue, he entered the residence wearing a mask and wielding a firearm. The People established the requisite community of purpose to support defendant's accessorial liability (*see People v Rosario*, 199 AD2d 92, 93 [1993], *lv denied* 82 NY2d 930 [1994]; *see generally People v Rivera*, 84 NY2d 766, 770 [1995]).

The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and the court did not err in denying defendant's request for youthful offender status (*cf. People v Shrubsall*, 167 AD2d 929, 930 [1990]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.