■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ASHBY, Appellant. [801 NYS2d 307]—

Judgment, Supreme Court, New York County (Michael A.

Corriero, J.), rendered March 20, 2002, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to a term of five years' probation with 200 hours of community service and restitution in the amount of $4,693.50, unanimously affirmed.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The People's circumstantial case excluded beyond a reasonable doubt any reasonable hypothesis of innocence. The People's detailed expert and statistical evidence, which was similar to the evidence presented in *People v Gopal* (305 AD2d 127 [2003], *lv denied* 100 NY2d 582 [2003]), established that defendant, a Transit Authority employee, intentionally conducted thousands of fraudulent transactions involving MetroCards for his own gain.

Defendant's ineffective assistance of counsel argument is based upon factual assertions outside the record and, as such, is inappropriately raised on direct appeal (*see e.g. People v Denny*, 95 NY2d 921, 923 [2000]). To the extent the existing record permits review, it establishes that defendant received effective assistance under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication in the record that defendant would have derived any benefit from a line of defense seeking to cast doubt on whether the machinery in defendant's token booth was capable of being used to commit the alleged fraudulent acts. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Williams, JJ.