■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOFI O. HAMPTON, Appellant. [857 NYS2d 836]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 2, 2005. The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

*Memorandum:* Defendant appeals from a judgment convicting him upon his plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]). Contrary to the contention of defendant, Supreme Court properly refused to suppress the physical evidence seized during the warrantless search of the vehicle that he was driving. Defendant concedes that the police had probable cause to arrest him, along with the passenger in his vehicle, inasmuch as the police had probable cause to believe that defendant and his passenger had attempted to pass a forged check. Defendant contends, however, that the police were not authorized to search his vehicle. We reject that contention on two grounds. First, based on the lawful arrest, the police were authorized to search the area of the vehicle within the immediate control of defendant and his passenger, i.e., the area "limited to the arrestee's person and the area from within which he [or she] might gain possession of a weapon or destructible evidence," and the evidence sought to be suppressed was found in that area (*People v Blasich*, 73 NY2d 673, 678 [1989]; *see generally People v Belton*, 50 NY2d 447, 450-451 [1980], *revd on other grounds* 453 US 454 [1981], *reh denied* 453 US 950 [1981]). Second, the search was justified under the automobile exception to the search warrant requirement. The circumstances furnishing probable cause for the arrest also gave the police probable cause to believe that the vehicle contained evidence of the crime (*see Blasich*, 73 NY2d at 678), which evidence in this case was the false identification used in the attempt to cash the forged check.

We reject the further contention of defendant that the court erred in refusing to suppress the showup identification. Showup identification procedures are permissible even in the absence of exigent circumstances where, as here, "the showup was 'conducted in close geographic and temporal proximity to the crime' " (*People v Lewis*, 306 AD2d 931, 932 [2003], *lv denied* 100 NY2d 596 [2003], quoting *People v Brisco*, 99 NY2d 596, 597 [2003]). Here, defendant was apprehended only three minutes after the attempted forgery was reported, and the showup identification procedure was conducted three or four miles from the bank where the incident occurred, less than 20 minutes later. Thus, as the court properly determined, the showup identification procedure was not unduly suggestive (*see People v Jackson*, 281 AD2d 906, 907 [2001], *lv denied* 96 NY2d 920 [2001]; *People v Boyd*, 272 AD2d 898, 899 [2000], *lv denied* 95 NY2d 850 [2000]; *People v Johnson*, 262 AD2d 1004 [1999], *lv denied* 93 NY2d 1020 [1999]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.