■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS J. HARRIS, Appellant. [870 NYS2d 184]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [4]) and attempted assault in the first degree (§§ 110.00, 120.10 [1]). As we previously determined on the appeal of the codefendant, Supreme Court did not err in charging the jury with respect to attempted assault in the first degree (*People v McDaniels*, 19 AD3d 1071 [2005], *lv denied* 5 NY3d 830 [2005]). Defendant's further contention that the evidence is legally insufficient to support the conviction of attempted assault is not preserved for our review because defendant failed to renew his motion for a trial order of dismissal on that ground after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *McDaniels*, 19 AD3d 1071 [2005]). We also reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the further contention of defendant, we conclude that the police had reasonable suspicion to stop defendant based on the totality of the circumstances (*see People v Kirkland*, 49 AD3d 1260 [2008], *lv denied* 10 NY3d 961 [2008]; *see generally People v Martinez*, 80 NY2d 444, 447 [1992]). Here, the record of the suppression hearing establishes that the police encoun-

tered defendant in proximity to the street where the police had observed that the suspects had abandoned their car and had fled on foot, there were no other pedestrians in the area, there was minimal vehicular traffic, and defendant was dressed inappropriately for the extremely cold weather. We further conclude that, although defendant appeared in handcuffs and was escorted by police officers, the showup identification procedure was not unduly suggestive (*see People v Jackson*, 281 AD2d 906, 907-908 [2001], *lv denied* 96 NY2d 920 [2001]). The record of the suppression hearing establishes that the showup was conducted approximately one hour after the crimes were committed and within three miles of the location where defendant was stopped by the police (*see People v Rodgers*, 6 AD3d 464, 465 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Bonilla*, 299 AD2d 934, 935 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Hunt*, 277 AD2d 911, 911-912 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.