THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER Q. JONES, Appellant. [901 NYS2d 274]—

Appeal from judgment, Supreme Court, New York County (Maxwell Wiley, J., at motion; Thomas Farber, J., at jury trial and sentence), rendered May 1, 2008, convicting defendant of burglary in the first degree and robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, held in abeyance and the matter remitted for a *Dunaway* hearing.

The motion court erred in summarily denying defendant's motion to suppress a lineup identification as the fruit of an illegal arrest or detention. Defendant clearly raised a factual issue as to when and where he was arrested, or otherwise taken into custody, so as to raise a Fourth Amendment issue (*see People v Mendoza*, 82 NY2d 415, 426 [1993]). Although the voluntary disclosure form could be interpreted as stating that defendant was arrested at a police station, immediately after being identified in a lineup, defendant's motion averred that he was arrested on the street approximately eight hours before the lineup took place and that, at the time of his arrest, he was not engaging in any behavior suggestive of illegal activity. Even if defendant was not formally arrested for the crimes of which he was convicted until after the lineup, this did not explain how he came to be at the station house in the first place. The People did not disclose whether defendant was placed in a lineup based on information linking him to the robbery (and what that information was), or whether he was in custody for some other reason (*see People v Bryant*, 8 NY3d 530, 533-534 [2007]). Under these circumstances, defendant's allegation that the police lacked probable cause or reasonable suspicion to believe that he was involved in any criminal activity was sufficient to warrant a hearing.

There is no merit to defendant's claim that his motion should be summarily granted rather than determined at a hearing. Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ.