■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER Q. JONES, Appellant. [926 NYS2d 463]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at suppression hearing; Thomas A. Farber, J., at jury trial and sentencing), rendered May 1, 2008, convicting defendant of burglary in the first degree and robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

Upon defendant's appeal from his conviction, this Court remanded the matter to the Supreme Court for a hearing and held the appeal in abeyance pending a disposition of defendant's suppression motion (73 AD3d 662 [2010]). The court conducted the hearing and denied defendant's motion to suppress lineup identification evidence. We conclude that the court properly determined that the lineup was not the product of an unlawful detention. We find no basis for disturbing the court's credibility determinations.

The hearing court correctly found that although the police initially lacked probable cause to arrest defendant, the lineup identification by the victim was based on intervening probable cause and was sufficiently attenuated from the illegal arrest (*see e.g. People v Garcia*, 281 AD2d 234 [2001], *lv denied* 96 NY2d 862 [2001]; *People v Brown*, 215 AD2d 333, 334 [1995], *appeal withdrawn* 86 NY2d 791 [1995]; *see also People v Pleasant*, 54 NY2d 972, 973-974 [1981], *cert denied* 455 US 924 [1982]). Initially, we note that for Fourth Amendment purposes, an arrest requiring probable cause took place when defendant was taken into custody, regardless of whether, for police department purposes, defendant was formally arrested for the robbery only after the victim selected him from the lineup. The sergeant who arrested defendant had information connecting defendant to the robbery, and acted in good faith, but, as the hearing court concluded, that information fell short of probable cause.

At the time of the arrest, the sergeant was unaware of other information possessed by a detective that did satisfy the requirements of probable cause. Shortly after the robbery, which was several weeks before the arrest, the detective who had been investigating the robbery had obtained a detailed description of

the robber from the victim. The detective also spoke to an eyewitness, who was an identified citizen informant speaking from personal knowledge (see *People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Hicks*, 38 NY2d 90 [1975]). The eyewitness was acquainted with defendant, and provided an even more specific description, including a prominent facial feature and a distinctive nickname. The detective located a photograph of a person who, according to police records, used the same nickname. The detective observed that defendant, who was the person in the photo, closely matched the descriptions given by the victim and eyewitness. Taken together, this evidence was sufficient to give the detective probable cause to arrest defendant (see *People v Cameron*, 268 AD2d 307 [2000], *lv denied* 94 NY2d 917 [2000]). The match between the information provided by the witnesses and the information in police files, including the distinctive facial feature and nickname, provided a reliable basis for concluding that the police record concerning the nickname was correct, and that defendant was the same person referred to by the eyewitness.

Shortly after taking defendant into custody, the sergeant who arrested him was in contact with the investigating detective. Among other things, the detective advised the sergeant about the existence of a photograph of the suspected robber, and the sergeant compared that photograph with defendant. Under the circumstances, the communication between the detective and the sergeant constituted a direction to arrest defendant. Accordingly, under the fellow officer rule, the sergeant now had probable cause for defendant's continued detention (see *People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]). Accordingly, there is no basis for suppressing the ensuing lineup identification. We have considered and rejected defendant's remaining suppression arguments, including all of his procedural claims.

Turning to the additional arguments raised on defendant's initial appeal, we first conclude that the trial court properly exercised its discretion in receiving evidence of threats made to a witness by third parties. There was sufficient circumstantial evidence to connect the threats to defendant and to warrant an inference as to his consciousness of guilt (see *People v Bonnemere*, 308 AD2d 418 [2003], *lv denied* 1 NY3d 568 [2003]). The court provided a thorough limiting instruction, which the jury presumably followed.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see *People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d

976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The trial court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence. The evidence at issue was available before and during trial. Accordingly, it did not qualify as newly discovered.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Friedman, Acosta and Abdus-Salaam, JJ.