■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SANTANA, Appellant. [980 NYS2d 454]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered June 25, 2010, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 20 years, unanimously affirmed.

Except as indicated, defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's strategic choices and the circumstances of counsel's review of a surveillance videotape (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review of these claims, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Except as indicated, defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

The only aspect of defendant's ineffective assistance claim that is reviewable on the present record is his claim relating to

the argument that his counsel made in opposition to the People's request for a missing witness charge. We agree that counsel's argument that an uncalled witness's testimony would incriminate defendant did not militate against a missing witness charge (*see generally People v Savinon*, 100 NY2d 192 [2003]), and that counsel thus demonstrated a misunderstanding of the law. However, defendant has not established that counsel's error caused any prejudice. The court denied the People's request for the missing witness charge, and only permitted the People to make a very limited summation argument in this regard. Defendant has not shown how this limited argument affected the outcome of the case or deprived him of a fair trial. We note that the evidence of defendant's guilt was overwhelming.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.