# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**248**

**KA 10-01027**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JASON D. SMITH, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 24, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). The charges stemmed from the gunpoint robbery of the victim by two perpetrators. Contrary to defendant's contention, the police had reasonable suspicion to stop and detain him for a showup identification based upon the totality of the circumstances, including the victim's 911 call, which provided a general description of the perpetrators, the proximity of defendant to the site of the crime, the brief period of time between the crime and the discovery of defendant near the location of the crime, and a police officer's observation of defendant, who matched the 911 call description (*see People v Owens*, 39 AD3d 1260, 1261, *lv denied* 9 NY3d 849; *People v Evans*, 34 AD3d 1301, 1302, *lv denied* 8 NY3d 845). Contrary to the further contention of defendant, the conduct of the police in detaining and transporting him to the crime scene in handcuffs did not constitute a de facto arrest (*see Owens*, 39 AD3d at 1261). We reject defendant's contention that he was denied effective assistance of counsel because his counsel did not seek a *Dunaway* hearing. Initially, we note that the failure to request a particular hearing, in and of itself, does not constitute ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709; *People v Perea*, 27 AD3d 960, 961). More specifically, the failure to move for a *Dunaway* hearing is not ineffective assistance "where, as here, such endeavor was potentially futile" (*People v Jackson*, 48 AD3d 891, 893, *lv denied* 10 NY3d 841; *see People v Creech*,

183 AD2d 777, 777, *lv denied* 80 NY2d 902).

We reject defendant's further contention that the trial evidence established that the showup identification was rendered unduly suggestive by the transporting officer's remark to the victim that a suspect was in custody inasmuch as that remark "conveyed [only] what a witness of ordinary intelligence would have expected under the circumstances" (*People v Williams*, 15 AD3d 244, 246, *lv denied* 5 NY3d 771; *see People v Rodriguez*, 64 NY2d 738, 740-741).  We further conclude that the victim's observation of defendant being removed from a patrol car, and the fact that defendant was handcuffed, did not render the showup unduly suggestive as a matter of law (*see People v Boyd*, 272 AD2d 898, 899, *lv denied* 95 NY2d 850; *People v Aponte*, 222 AD2d 304, 304-305, *lv denied* 88 NY2d 980).  We likewise reject defendant's contention that his counsel was ineffective by failing to move to reopen the *Wade* hearing based on trial evidence (*see Creech*, 183 AD2d at 777).  Such a motion had little or no chance of success (*see People v Dark*, 122 AD3d 1321, 1322; *People v Stafford*, 215 AD2d 212, 212-213, *lv denied* 86 NY2d 784).  Contrary to defendant's further contention, the People established an independent basis for the in-court identification of defendant by the victim.  The victim was familiar with defendant, having seen him in the neighborhood on numerous prior occasions (*see People v Fountaine*, 8 AD3d 1107, 1108, *lv denied* 3 NY3d 706).  We reject defendant's contention that he was deprived of effective assistance of counsel because defense counsel failed to call an expert witness to testify on the subject of eyewitness identification (*see People v Stanley*, 108 AD3d 1129, 1130, *lv denied* 22 NY3d 959).  We conclude that defendant has not demonstrated "the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [internal quotation marks omitted]).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we further conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error[s]" asserted on appeal (*People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject the further contention of defendant that he was deprived of his right to a fair trial by prosecutorial misconduct during summation.  Initially, we note that County Court sustained defense counsel's objection to the prosecutor's remark that defendant "does not challenge" the victim's testimony that two persons were

involved in the robbery, and the court gave a curative instruction. Defendant did not thereafter request further curative instructions or move for a mistrial, and thus failed to preserve for our review his present contention that the prosecutor's remark deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Norman*, 1 AD3d 884, 884, *lv denied* 1 NY3d 599).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's further contention that during summation the prosecutor "vouched" for one of the People's witnesses.  An argument by counsel, based upon the record evidence and reasonable inferences drawn therefrom, that his or her witnesses have testified truthfully is not vouching for their credibility (*see People v Bailey*, 58 NY2d 272, 277; *cf. United States v Spinelli*, 551 F3d 159, 168-169, *cert denied* 558 US 939; *United States v Rivera*, 22 F3d 430, 437-438).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  May 8, 2015                    Frances E. Cafarell
                                         Clerk of the Court