■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA RODRIGUEZ, Appellant. [21 NYS3d 243]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered July 12, 2012, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing her to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. The apologetic statements counsel made at sentencing about his trial performance do not render a postconviction motion unnecessary, especially because they are contradicted by statements counsel made in colloquies during the trial.

In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies, as discussed further in this decision, fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

First, we conclude that defendant was not deprived of effective assistance by counsel's decision not to call a clinical psychologist to testify in support of a duress defense, a decision that counsel made after reviewing the psychologist's report on defendant and the incident (*see generally Harrington v Richter*, 562 US 86 [2011]). Notwithstanding counsel's statements at sentencing, the extensive discussions between the court and counsel at trial reflect that counsel made a sound strategic decision to challenge the reliability of the sole evidence of defendant's guilt, her written statement, rather than to call the psychologist and defendant to testify that defendant was coerced into committing the murder, which could have opened the door to defendant's admissions to the psychologist about her participation in the killing.

Next, we find that counsel's decision not to call the psychologist to testify at the suppression hearing may have been based on a reasonable tactic of depriving the People of an opportunity for an examination before trial of the psychologist, whom counsel was still considering calling as a trial witness. Defendant has not established that counsel's decision to rest on the record at the suppression hearing was ineffective, since there is no indication that any suppression argument would have had any chance of success (*see e.g. People v Ashby*, 21 AD3d 839 [1st Dept 2005]).

We also conclude that defendant has not established that she was prejudiced by counsel's isolated mistake in eliciting a brief amount of unfavorable testimony from an expert witness (*see People v Blake*, 24 NY3d 78, 81 [2014]), or by counsel's overall manner of trying the case (*see People v Martinez*, 35 AD3d 156, 157 [1st Dept 2006], *lv denied* 8 NY3d 924 [2007]; *People v Malave*, 271 AD2d 204 [1st Dept 2000], *lv denied* 95 NY2d 836 [2000]).

Turning to defendant's arguments other than her ineffective assistance claim, we find no basis for reversal. Since defendant only sought to introduce a third party's statement to the police for the purpose of impeaching the interrogator's credibility at trial, defendant failed to preserve her claim that the statement should have been admitted to show the third party's consciousness of guilt, and she likewise failed to preserve her claim that she was deprived of her constitutional right to present a defense (*see People v Lane*, 7 NY3d 888, 889 [2006]). We decline to review these claims in the interest of justice. Were we to review them, we would find them unavailing. We also find that the court properly exercised its discretion in declining, after a suitable inquiry, to discharge a juror whose unauthorized absence from court amounted to minor misconduct under the circumstances, and did not render him grossly unqualified (*see People v Paulino*, 131 AD3d 65, 71-72 [1st Dept 2015]). Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.