# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**772**

**KA 13-02138**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

VERNIEL L. WILSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, MULDOON, GETZ & RESTON (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

VERNIEL L. WILSON, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 1, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and attempted robbery in the second degree (§§ 110.00, 160.10 [1]), defendant contends that County Court erred in refusing to suppress the identifications of him by the victims on the grounds that he was unlawfully detained by the police and that the showup procedures were unduly suggestive. We reject that contention. "The police had reasonable suspicion to stop and detain defendant for a showup identification based on . . . a radio transmission providing a general description of the perpetrator[s] of [the] crime[s, the] proximity of the defendant to the site of the crime[s], the brief period of time between the crime[s] and the discovery of the defendant near the location of the crime[s], and the [officers'] observation of the defendant, who matched the radio-transmitted description [of one of the perpetrators]" (*People v Owens*, 39 AD3d 1260, 1261, *lv denied* 9 NY3d 849 [internal quotation marks omitted]; *see People v Smith*, 128 AD3d 1434, 1434, *lv denied* 26 NY3d 1011; *People v Mitchell*, 118 AD3d 1417, 1418, *lv denied* 24 NY3d 963; *People v Evans*, 34 AD3d 1301, 1302, *lv denied* 8 NY3d 845). With respect to the showup procedures, we conclude that they were not unduly suggestive. "[T]he victim[s']

observation of defendant being removed from a patrol car, and the fact that defendant was handcuffed, did not render the showup[s] unduly suggestive as a matter of law" (*Smith*, 128 AD3d at 1435; *see People v Boyd*, 272 AD2d 898, 899, *lv denied* 95 NY2d 850; *People v Aponte*, 222 AD2d 304, 304-305, *lv denied* 88 NY2d 980).

Contrary to defendant's contention, defense counsel was not ineffective for failing to call a cross-racial identification expert at trial (*see White v Georgia*, 293 Ga 635, 636-637; *see generally People v Jones*, 85 AD3d 612, 614, *affd* 21 NY3d 449), especially considering that defendant was identified both by an individual of the same race and by an individual of a different race.  Nor was counsel ineffective in failing to timely request a missing witness charge. Defendant was acquitted of the charge relating to the missing witness, and thus he suffered no prejudice from counsel's alleged misstep in that regard (*see People v Santana*, 114 AD3d 557, 558, *lv denied* 23 NY3d 1067; *see generally People v Stultz*, 2 NY3d 277, 284, *rearg denied* 3 NY3d 702; *People v Glanda*, 18 AD3d 956, 960, *lv denied* 6 NY3d 754, *reconsideration denied* 6 NY3d 848).

In his pro se supplemental brief, defendant contends that the court erred in admitting testimony that violated his constitutional right of confrontation (*see Crawford v Washington*, 541 US 36, 50-54). As defendant correctly concedes, however, that contention is not preserved for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have reviewed defendant's remaining contentions, including the additional claim of ineffective assistance of counsel asserted in his pro se supplemental brief, and we conclude that they lack merit.

Entered:  November 10, 2016                      Frances E. Cafarell
                                                 Clerk of the Court