Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered August 4, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [b]). Supreme Court properly refused to suppress the victim’s showup identification of defendant. Contrary to defendant’s contention, “the showup was not rendered unduly suggestive because he was handcuffed” during the procedure (People v Mack, 135 AD3d 962, 963 [2d Dept 2016], lv denied 27 NY3d 1002 [2016]; see People v Smith, 128 AD3d 1434, 1435 [4th Dept 2015], lv denied 26 NY3d 1011 [2015]). Moreover, “the fact that [police] advised the [victim] that a suspect fitting the [perpetrator’s] description had been stopped did not invalidate the showup, as this information merely conveyed what a witness of ordinary intelligence would have expected under the circumstances” (People v Franqueira, 143 AD3d 1164, 1166 [3d Dept 2016] [internal quotation marks omitted]; see People v Mathis, 60 AD3d 1144, 1146 [3d Dept 2009], lv denied 12 NY3d 927 [2009]; see generally People v Gatling, 38 AD3d 239, 240 [1st Dept 2007], lv denied 9 NY3d 865 [2007]). Defendant’s contention that the showup identification should have been suppressed because it was not conducted in close temporal proximity to the crime is unpreserved for our review (see People v Lewis, 97 AD3d 1097, 1097-1098 [4th Dept 2012], lv denied 19 NY3d 1103 [2012]), and we decline to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.