People v Bethea (2021 NY Slip Op 00976)





People v Bethea


2021 NY Slip Op 00976


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1179 KA 19-01042

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BOSHEEM BETHEA, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EDWARD P. DUNN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered January 12, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Initially, we agree with defendant that the waiver of the right to appeal is invalid because County Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Soriano, 178 AD3d 1376, 1376 [4th Dept 2019], lv denied 34 NY3d 1163 [2020]). The record therefore does not establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Lopez, 6 NY3d 248, 256 [2006]).
Contrary to defendant's contention, however, the court properly refused to suppress the handgun recovered from inside defendant's vehicle following a traffic stop. "[I]n evaluating the legality of police conduct, we 'must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter' " (People v Howard, 129 AD3d 1654, 1655 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; see People v De Bour, 40 NY2d 210, 222-223 [1976]). The court properly determined that the initial stop of defendant's vehicle was justified by the police officers' observations of multiple traffic infractions, including that the vehicle did not have a front license plate (see People v Lightner, 56 AD3d 1274, 1274 [4th Dept 2008], lv dismissed 12 NY3d 760 [2009]), and had an inoperative headlight (see People v Tittensor, 244 AD2d 784, 784 [3d Dept 1997]) and an expired registration sticker (see generally People v Jean-Pierre, 47 AD3d 445, 445 [1st Dept 2008], lv denied 10 NY3d 865 [2008]). After initiating the traffic stop but before exiting the patrol car, the officers further observed defendant sit up in his seat and make what they described as a "furtive movement" as if defendant was secreting something. Further, upon the officers' initial approach of the vehicle, one of the officers observed chalky crumbs on defendant's clothing that, based on the officer's experience and training, the officer identified to be crack cocaine. The observation of what the officer identified as cocaine pieces on defendant "provided [the officers with] probable cause to arrest and search defendant" (People v Edwards, 14 NY3d 741, 742 [2010], rearg denied 14 NY3d 794 [2010]). The subsequent search of the vehicle, which resulted in the recovery of the handgun, was justified under the automobile exception to the search warrant requirement inasmuch as "[t]he circumstances furnishing probable cause for the arrest also gave the police probable cause to believe that the vehicle contained evidence of the crime" (People v Hampton, 50 AD3d 1605, 1606 [4th Dept 2008], lv denied 10 NY3d 959 [2008]; see generally People v Nichols, 175 AD3d 1117, 1118-1119 [4th Dept 2019], lv denied 34 NY3d 1018 [2019]; People v Barclay, 201 AD2d 952, 953 [4th Dept 1994]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court