People v Peyrefitte (2022 NY Slip Op 06173)

People v Peyrefitte

2022 NY Slip Op 06173

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Ind No. 423/11 1447/10 2258/10 849/13 Appeal No. 16608-16608A Case No. 2014-2404 

[*1]The People of the State of New York, Respondent,
v
Aaron Peyrefitte, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Lauren E. Jones of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Levi P. Stoep of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Martin Marcus, J.), rendered October 11, 2013, convicting defendant, upon his pleas of guilty, of robbery in the first degree, criminal sale of a controlled substance in the third degree, manslaughter in the first degree, and assault in the first degree, and sentencing him to an aggregate term of 22 years, unanimously affirmed.
The record does not support defendant's claim that the sentencing court failed to make a youthful offender determination, in accordance with People v Rudolph (21 NY3d 497, 501 [2013]), as to each of defendant's convictions. Immediately before imposing sentences on all counts, the court stated that "given the seriousness of the conduct, the multiplicity of the crimes, a youthful offender sentence was out of the question." It was within the court's discretion to determine, as it did, that the seriousness and volume of defendant's crimes (which included a homicide and other violent acts) rendered him an unsuitable candidate for YO treatment as to any of his convictions. This satisfied the requirements of Rudolph, and the court was not required to repeat the same statement multiple times.
Defendant's claim that he received ineffective assistance of counsel at sentencing is unreviewable on direct appeal because it involves matters not fully explained by the record (see People v Denny, 95 NY2d 921, 923 [2000]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The performance of newly assigned counsel at sentencing was neither unreasonable nor prejudicial, given the lenient disposition already negotiated by prior counsel, which covered charges, including murder, arising out of four separate incidents.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The oral colloquy and written waiver contained language that sufficiently clarified, among other things, that appellate review remained available for certain issues and that the waiver was a condition of the plea agreement rather than an automatic consequence of pleading guilty.
Defendant's waiver of his right to appeal forecloses review of the court's discretionary denial of youthful offender treatment (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]), his excessive sentence claim and related argument that appellate review is precluded by the absence of letters of support from the record, and his request for a waiver of the mandatory surcharge and fees imposed at sentencing (see People v Diaz, 205 AD3d 624 [1st Dept 2022], lv denied 38 NY3d 1133 [2022]). Regardless of whether defendant validly waived his right [*2]to appeal, we reject all of those arguments on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022