People v Manzo (2024 NY Slip Op 50801(U))

[*1]

People v Manzo (Rachel)

2024 NY Slip Op 50801(U)

Decided on June 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-823 K CR

The People of the State of New York, Respondent,
against
Rachel Manzo, Appellant. 

Appellate Advocates (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Kings County District Attorney (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Adam D. Perlmutter, J.), rendered September 9, 2022. The judgment convicted defendant, upon her plea of guilty, of disorderly conduct, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.

ORDERED that the judgment of conviction is affirmed.
We are satisfied with the sufficiency of the brief filed by defendant's assigned counsel pursuant to Anders v California (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; People v Murray, 169 AD3d 227 [2019]; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252 [2011]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]).
Moreover, based upon the record before us, the arguments made by defendant in her supplemental pro se brief do not raise any nonfrivolous issues (see People v Ward, 69 AD3d 661 [2010]). To the extent that defendant's complaint about counsel is predicated on factors that do not appear on the face of the record, such as counsel's strategy, advice or preparation, defendant must raise her claim via a CPL 440.10 motion (see People v Peque, 22 NY3d 168, 202 [2013]; People v Haffiz, 19 NY3d 883, 885 [2012]; People v McLean, 15 NY3d 117, 121 [2010]; People v Denny, 95 NY2d 921, 923 [2000]; People v Sun, 74 Misc 3d 136[A], 2022 NY Slip Op 50297[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2024