People v Ortega (2024 NY Slip Op 06498)

People v Ortega

2024 NY Slip Op 06498

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

925 KA 21-00823

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILBERTO MELENDEZ ORTEGA, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered September 22, 2020. The judgment convicted defendant upon a jury verdict of robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [1]). Defendant's conviction arises from a robbery of a convenience store by defendant and a codefendant who forcibly stole money from the convenience store clerk while using or threatening the immediate use of knives.
Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress identification testimony from the convenience store clerk. Defendant contends that the showup was unnecessary because the police had enough confirmation that defendant was one of the two perpetrators and thus there was no urgency or exigent circumstances to justify the showup identification. Defendant further contends that the requirements of temporal and spatial proximity were not met inasmuch as the showup took place an hour after the crime at a location approximately two miles from the scene of the crime.
"Showup identifications are disfavored, since they are suggestive by their very nature" (People v Ortiz, 90 NY2d 533, 537 [1997]; see People v Johnson, 81 NY2d 828, 831 [1993]). Although such procedures "are not presumptively infirm" (People v Duuvon, 77 NY2d 541, 543 [1991]), the court must determine whether the showup was " 'reasonable under the circumstances—i.e., justified by exigency or temporal and spatial proximity [to the crime]—and, if so, whether the showup as conducted was unduly suggestive' " (People v Cedeno, 27 NY3d 110, 123 [2016], cert denied 580 US 873 [2016]; see People v Gilford, 16 NY3d 864, 868 [2011]; People v Knox, 170 AD3d 1648, 1649 [4th Dept 2019]).
Defendant's contention that the showup procedure was not done in temporal and spatial proximity to the crime is preserved for our review inasmuch as the court expressly decided that question in its decision (see People v Johnson, 192 AD3d 1612, 1613 [4th Dept 2021]). Defendant's contention, however, that the showup identification was unnecessary and not supported by exigent circumstances is not preserved for our review (see People v Cruz, 236 AD2d 269, 270 [1st Dept 1997], lv denied 89 NY2d 1091 [1997]; see generally Johnson, 192 AD3d at 1613; People v Walker, 155 AD3d 1685, 1686 [4th Dept 2017], lv denied 30 NY3d 1109 [2018]). In any event, contrary to defendant's contention, "a showup is not improper merely because the police already have probable cause to detain a suspect" (People v Howard, 22 NY3d 388, 403 [2013]). In addition, the court properly determined that the showup procedure was reasonable under the circumstances inasmuch as it was conducted in geographic and [*2]temporal proximity to the crime (see People v Smith, 185 AD3d 1203, 1207 [3d Dept 2020]; People v Harris, 57 AD3d 1427, 1428 [4th Dept 2008], lv denied 12 NY3d 817 [2009]; People v Ramos, 34 AD3d 1363, 1363 [4th Dept 2006], lv denied 8 NY3d 884 [2007]), and thus it was permissible even in the absence of exigent circumstances (see People v Ball, 57 AD3d 1444, 1445 [4th Dept 2008], lv denied 12 NY3d 755 [2009]; People v Hampton, 50 AD3d 1605, 1606 [4th Dept 2008], lv denied 10 NY3d 959 [2008]). Moreover, even assuming, arguendo, that the showup identification should have been suppressed, we conclude that any error in admitting the clerk's in-court identification of defendant is harmless beyond a reasonable doubt (see People v Waggoner, 218 AD3d 1221, 1223-1224 [4th Dept 2023], lv denied 40 NY3d 1082 [2023], reconsideration denied 41 NY3d 967 [2024]; People v Bynum, 125 AD3d 1278, 1278 [4th Dept 2015], lv denied 26 NY3d 927 [2015]).
We reject defendant's further contention that he was denied effective assistance of counsel. Defense counsel's failure to make a closing argument at the suppression hearing does not constitute ineffective assistance inasmuch as any such argument would have had little or no chance of success (see People v Perkins, 160 AD3d 1455, 1457 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]; People v Rodriguez, 134 AD3d 512, 513 [1st Dept 2015], lv denied 27 NY3d 968 [2016]). Similarly, defense counsel's failure to request a probable cause hearing does not constitute ineffective assistance. Although defendant would have likely received such a hearing if it was requested because the codefendant had received a probable cause hearing, suppression of the evidence based on an alleged lack of probable cause also would have had little or no chance of success (see People v Burgess, 159 AD3d 1384, 1385 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]; see also People v Crouch, 70 AD3d 1369, 1370 [4th Dept 2010], lv denied 15 NY3d 773 [2010]).
Defendant has failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's brief questioning of prospective jurors during voir dire and his failure to challenge one prospective juror for cause (see People v Weeks, 221 AD3d 1469, 1470-1471 [4th Dept 2023], lv denied 41 NY3d 944 [2024]; see generally People v Thompson, 21 NY3d 555, 559-560 [2013]; People v Benevento, 91 NY2d 708, 712 [1998]). In addition, "the record does not reflect that counsel's decision to allow a previously rejected prospective juror to serve as an alternate fell below the standard for effective assistance" (People v Molano, 70 AD3d 1172, 1176 [3d Dept 2010], lv denied 15 NY3d 776 [2010]). Defendant also failed to demonstrate the absence of a legitimate or strategic reason for defense counsel's failure to request a charge on the defense of intoxication, especially in light of defendant's testimony that he did not commit the crimes charged (see People v Lancaster, 143 AD3d 1046, 1051-1052 [3d Dept 2016], lv denied 28 NY3d 1147 [2017], reconsideration denied 29 NY3d 999 [2017]; see generally People v Bailey, 195 AD3d 1486, 1488 [4th Dept 2021], lv denied 37 NY3d 990 [2021]). We have examined defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Britton, 213 AD3d 1326, 1328 [4th Dept 2023], lv denied 39 NY3d 1140 [2023]). In any event, his contention is without merit (see People v Garner, 136 AD3d 1374, 1374-1375 [4th Dept 2016], lv denied 27 NY3d 997 [2016]). The sentence is not unduly harsh or severe.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court