■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GARCIA, Appellant. [716 NYS2d 298] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered January 28, 1999, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Since this claim was neither argued by defendant at the hearing nor ruled upon by the court, defendant's argument that the police lacked probable cause to believe that he possessed the gun found under the hood of a car because he was only a passenger in the car has not been preserved for appellate review (*see, People v Vasquez*, 66 NY2d 968, *cert denied* 475 US 1109), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's arrest for criminal possession of a weapon was justified by the statutory presumption of possession (*see*, Penal Law § 265.15 [3]), which contains no exception for a weapon found under a hood, and was further justified by other evidence tending to connect de-

fendant to a robbery in which a gun was used. Probable cause does not require proof beyond a reasonable doubt (*People v Bigelow*, 66 NY2d 417, 423).

Defendant's unpreserved claim that the court failed to instruct the nonsequestered jurors to cease deliberations during the overnight recess requires preservation (*People v Ford*, 78 NY2d 878), and has in any event been refuted by the testimony at the reconstruction hearing. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.