■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GARCIA, Appellant. [722 NYS2d 13] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered March 9, 1999, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

Defendant's motion to suppress stolen money found on his person was properly denied. The record supports the court's finding that the money was recovered during a search incident to defendant's lawful arrest for possession of a weapon. Less than 20 minutes after defendant was taken to the police station, the police, while lawfully looking for a VIN number in an effort to ascertain the ownership of a car in which defendant had been a passenger, discovered a gun under the hood of the car. This discovery, particularly when coupled with previously known information connecting defendant to a robbery involving a gun, provided probable cause for defendant's arrest (*see, People v Garcia,* 277 AD2d 114 [codefendant's case]). Therefore, the arrest and ensuing search of defendant was based on intervening probable cause and was not the fruit of defendant's detention (*see, People v Brown,* 215 AD2d 333, *lv withdrawn* 86 NY2d 791). Accordingly, it is not necessary to decide whether defendant's detention required probable cause, or whether probable cause was present prior to the discovery of the gun.

The defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review

this claim, we would find that the victim had an independent source for his in-court identification of defendant (*see, People v Owens,* 74 NY2d 677). Concur—Nardelli, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.