■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUNDA JONES, Appellant. [903 NYS2d 232]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered July 21, 2008, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. In addition to reliable lineup identifications by two witnesses, there was extensive corroborating evidence.

---

While defendant moved to suppress lineup identifications as unduly suggestive and a statement as involuntary, he made no Fourth Amendment claim of any kind. Accordingly, defendant waived his claim that the court should have suppressed physical evidence and identification testimony as fruits of an allegedly unlawful police pursuit (see CPL 710.70 [3]), notwithstanding that the codefendants litigated this issue (see People v Buckley, 75 NY2d 843 [1990]). While the hearing court ruled on generally similar claims made by the codefendants, it did not "expressly decide[ ]" (CPL 470.05 [2]) whether defendant's Fourth Amendment rights were violated; on the contrary, it expressly declined to do so in light of defendant's waiver of the issue. As an alternative holding, we find, based on the hearing evidence, that the police actions were entirely lawful. Similarly, we conclude that counsel's failure to raise defendant's present claim in the suppression motion did not cause defendant any prejudice, and thus did not deprive him of effective assistance. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.