■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH STANLEY, Appellant. [925 NYS2d 507]—

Judgment, Supreme Court, New York County (James A. Yates, J., at suppression hearing; A. Kirke Bartley, J., at jury trial and sentencing), rendered October 30, 2008, convicting defendant of robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 17 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress identification testimony. The lineup identification was not the fruit of an unlawful arrest. The hearing evidence establishes that the police had a reasonable suspicion of criminality. This justified their pursuit of defendant and his companions. It appeared that a codefendant discarded a pistol during the pursuit. When police officers recovered the pistol immediately after defendant was detained, the police had probable cause to arrest defendant.

We note that defendant's challenges to the legality of his arrest are similar to arguments raised on a codefendant's appeal (*People v Jones*, 75 AD3d 415 [2010], *lv denied* 15 NY3d 853 [2010]). On that appeal, we found that the codefendant's claims were unpreserved, but we also rejected them on the merits as an alternative holding. We find no reason to reach a different result here. Finally, we also find that, because of intervening events, the lineup identification was attenuated from any initial illegality (*see People v Garcia*, 281 AD2d 234 [2001], *lv denied* 96 NY2d 862 [2001]).

The lineup photograph reveals that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The difference in age between defendant and the fillers was not so noticeable as to single defendant out (*see People v Rodriguez*, 52 AD3d 399 [2008], *lv denied* 11 NY3d 834 [2008]).

Defendant did not preserve his contention that the lineup was unduly suggestive because of a disparity in skin complexion between himself and the fillers, and we decline to review it in

the interest of justice. As an alternative holding, we find that defendant's skin tone was reasonably similar to that of most of the fillers, and that defendant did not stand out from the others.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.