People v Terry (2018 NY Slip Op 07172)





People v Terry


2018 NY Slip Op 07172


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Acosta, P.J., Renwick, Mazzarelli, Kahn, JJ.


2219 6304/08

[*1]The People of the State of New York, Respondent,
v
Joseph R. Terry, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol Berkman, J. at motions; Charles H. Solomon, J. at jury trial and sentencing; Michael J. Obus, J. at postremand hearing), rendered July 20, 2010, convicting defendant of robbery in the first degree, two counts of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 17 years, unanimously affirmed.
We previously held this appeal in abeyance and directed a suppression hearing (144 AD3d 531 [1st Dept 2016]). The court conducted the hearing and correctly denied defendant's motion to suppress the fruits of an allegedly unlawful seizure. There is no basis for disturbing the court's credibility determinations, including its resolution of any claimed inconsistencies between trial and hearing testimony.
The hearing court correctly concluded that the investigating detective's initial questions to defendant and his accomplices constituted a request for information supported, at least, by an objective, credible reason (see generally People v DeBour, 40 NY2d 210, 223 [1976]), consisting of strong indications that this group was the same group of three persons suspected of a robbery in which a storekeeper was shot. The court also correctly found that the group's responses to questions, combined with the preexisting chain of information, established a very high likelihood that these were the persons the officer was looking for, and thus created reasonable suspicion authorizing a stop. Next, the court correctly determined that the handcuffing of defendant did not constitute an arrest, but rather a permissible intrusion pursuant to an investigatory detention involving a violent crime (see People v Foster, 85 NY2d 1012, 1014 [1995]; People v Allen, 73 NY2d 378, 379-380 [1989]). Finally, the court correctly concluded that even if the use of handcuffs had established an arrest, suppression would not have been warranted because the recovery of a handgun from the accomplice — minutes after the handcuffing but before the statements and physical evidence at issue were obtained from defendant — provided intervening probable cause so that the evidence was not the fruit of an unlawful arrest (see e.g. People v Garcia, 281 AD2d 234 [1st Dept 2001], lv denied 96 NY2d 862 [2001]).
Turning to the remaining issues raised on the initial appeal, we first conclude that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. The inference of defendant's accessorial liability was inescapable, and the evidence, viewed as a whole, had no other reasonable explanation (see e.g. Matter of Juan J., 81 NY2d 739 [1992]; People v Allah, 71 NY2d 830 [1988]).
The original motion court correctly determined that the search of defendant's home was based on a valid search warrant supported by probable cause. Under the totality of circumstances, the information supporting the warrant application was not stale. In any event, the cartridges found during the search constituted a minor component of the People's case, and any error in admitting them was harmless in any event (see People v Crimmins, 36 NY2d 230 [1975]).
The trial court providently exercised its discretion in declining to provide an adverse inference instruction based on a lost page of an officer's notepad. "[N]onwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice" (People v Martinez, 22 NY3d 551, 567 [2014]), and here defendant made no such showing.
The trial court also providently exercised its discretion in admitting a photograph, taken after defendant's arrest, which showed him standing in front of a jail cell. This photograph had independent probative value because it showed defendant wearing a jacket that was relevant to the case (see People v Washington, 259 AD2d 365 [1st Dept 1999], lv denied 93 NY2d 1006 [1999]) and the jury was well aware that the photo was taken as a result of the instant arrest rather than an uncharged crime. Accordingly, its probative value outweighed any prejudice. In any event, any error was harmless in light of the overwhelming evidence of guilt.
Defendant's remaining contentions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that nothing in the prosecutor's summation warrants reversal, and that any error under People v Gray (84 NY2d 709 [1995]) was harmless.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK