People v Lopez (2021 NY Slip Op 06962)





People v Lopez


2021 NY Slip Op 06962


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Oing, Singh, Higgitt, JJ. 


Ind. No. 2366/12 Appeal No. 14853 Case No. 2016-1610 

[*1]The People of the State of New York, Respondent,
v
Adrian Lopez, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (David Bernstein of counsel), and Debevoise & Plimpton LLP, New York (Michael W. Gramer of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered May 5, 2015, convicting defendant, after a jury trial, of robbery in the first and second degrees, burglary in the first degree and two counts of endangering the welfare of the child, and sentencing him, as a second violent felony offender, to an aggregate term of 17 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. The victim's identification of defendant was extensively corroborated by persuasive circumstantial evidence. First, the codefendant was arrested immediately after the crime while in possession of the victim's phone and other property. Cell site location information, phone records showing a pattern of calls between defendant and the codefendant before and after the robbery, and admissions in defendant's own grand jury testimony created an inescapable inference that defendant was the second robber. There was no reasonable possibility that the victim happened to misidentify a person so closely linked to the crime and to the codefendant.
The suppression court properly concluded that the photo array and lineup procedures were not unduly suggestive. There was no substantial likelihood that defendant would be singled out in the photo array or lineup (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). In an array of basically similar photos, the men had similar hairstyles and facial hair, and appeared to be of similar age. Defendant's skin tone was "reasonably similar to that of most of the fillers" (People v Stanley, 85 AD3d 638, 639 [1st Dept 2011], lv denied 17 NY3d 822 [2011]). Defendant's clothing and jewelry did not stand out, and in any case were not part of the description given by the victim (see People v Wyche, 136 AD3d 599, 600 [1st Dept 2016], lv denied 27 NY3d 1076 [2016]). Likewise, the lineup, conducted several days later, consisted of fillers who were reasonably similar in appearance, including with regard to apparent age, facial hair and skin tone (see e.g. People v Hall, 84 AD3d 79, 85 [1st Dept 2011], lv denied 18 NY3d 924 [2012], cert denied 568 US 855 [2012]).
Defendant did not preserve any of his present arguments regarding evidentiary issues that arose at trial, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. We agree with defendant that the People should not have elicited testimony from a detective suggesting that the nontestifying codefendant implicated defendant in the crime, or testimony implying that the victim had identified defendant in a lineup. However, in light of the overwhelming evidence of guilt, these errors were harmless under either a constitutional or nonconstitutional standard (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's arguments concerning the circumstances of the victim's identification [*2]of defendant in court are unavailing.
Defendant's ineffective assistance of counsel claims based on his trial counsel's failure to raise the above-mentioned unpreserved issues are unreviewable on direct appeal because they involve matters outside the record concerning possible strategic explanations for not objecting (see e.g. People v Rios, 139 AD3d 620 [1st Dept 2016], lv denied 28 NY3d 973 [2016]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the absence of objections fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court properly denied defendant's CPL 440.20 motion to set aside his sentence, in which he claimed that he was improperly adjudicated a second violent felony offender based on an unconstitutionally obtained predicate felony conviction. At sentencing, defense counsel expressly stated that he did not see any constitutional defect in the prior conviction and waived any challenge to defendant's predicate felony status.
That waiver is binding (CPL 400.21[7][b]; People v Lara, 167 AD3d 446, 448 [1st Dept 2018], lv denied 32 NY3d 1026 [2019]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021